## No. WR-CV-157-84

# District Court of the Navajo Nation
# Judicial District of Window Rock

In the Matter of the Estate of:
Joe Thomas.
Decided December 12, 1986

## OPINION

*Before Robert Yazzie, District Court Judge.*

*Wesley Atakai, Esq., Window Rock, Arizona for the Petitioner-Administratrix; Samuel Pete, Esq., Window Rock, Arizona for the Claimants.*

*Opinion delivered by Yazzie, District Court Judge.*

## Findings of Fact

1. This is a Probate Proceeding.
2. Joe Thomas, C#60,179 (hereinafter referred to as decedent), died without a written will on February 26, 1984.
3. The decedent was married to one Yilnabah Thomas, who predeceased him on April 11, 1983.
4. The following individuals are heirs of the estate:
    A. Art Lee Thomas, C#61,730
    B. Mary T. Silversmith, C#60,182
    C. Mary Cowboy, C#60,973
    D. Annie James, C#61,403
    E. Ray Thomas, C#51,463
    F. Mary T. Six, C# (not known)
    G. Dorothy James, C# (not known)
5. The decedent and his wife had numerous jewelry, household furniture, and valuable household items; all of which were equally distributed among the seven (7) heirs named above.
6. The sole remaining issue is the distribution of one (1) Livestock Grazing Permit, No. #6947, issued to decedent Joe Thomas in District #18 for one-hundred and ninety-three (193) sheep units.

7. Dorothy James, Mary T. Silversmith, Mary Cowboy, and Mary T. Six are asking this court to equally divide the grazing permit among all six (6) heirs.

8. Ray Thomas and Art Lee Thomas claim that decedent orally devised his grazing permit to them. This was done in the presence of Ray Thomas. Other heirs were not present when decedent orally devised the permit.

9. Annie James agrees that decedent's grazing pemit be awarded to Art Lee Thomas and Ray Thomas in equal shares.

10. Ray Thomas and Art Lee Thomas testified that they actually lived in the same camp or household of the decedent prior to his death. They provided constant care to their deceased father by providing him with firewood, domestic water, livestock feed, and food. Other heirs resided elsewhere and did not live at decedent's home prior to his death.

11. Ray Thomas and Art Lee Thomas filed a claim against the estate asking this court to recognize and approve of decedent's oral will.

## Opinion

### ISSUE: DID DECEDENT JOE THOMAS SATISFY ALL THE REQUIREMENTS IN MAKING AN ORAL WILL?

Claimants, Ray Thomas and Art Lee Thomas, testified that decedent orally devised his grazing permit to them. This was done in their presence. Other heirs were not present when decedent devised the permit. Was the oral will valid under Navajo law?

In the case of *In Re Estate of Chisney Benally,* 1 Nav. R. 219 (1978), a Navajo cannot make an oral will *unless* all of the members of his immediate family are present and agree. In the instant case, all the seven (7) heirs of decedent's estate were not present at the time decedent made his oral will. Is this valid? *In Re Estate of Lee*, 1 Nav. R. 27 (1971), held that an oral will was invalid, because the surviving wife and children were not present when decedent made the alleged oral will. This requirement, however, was limited in *Benally, supra*, in that only members of decedent's immediate family are to be present.

In *Benally, supra*, "immediate family" means those related to decedent by blood ties, adoption or marriage, *and they must be living in the same household* with decedent at the time he makes an oral will. Blood relation alone does not make one a member of the immediate family. Therefore, "immediate family" is clearly defined in *Benally* to include members of the same household who are bound by ties of relationship to decedent.

In the instant case, other than Ray Thomas and Art Lee Thomas, all of

the heirs did not live with decedent when he died. For purposes of an oral will, they are not members of the immediate family. On the other hand, claimants, Ray Thomas and Art Lee Thomas, did live with the decedent when he died. Decedent made the oral will in the presence of his immediate family, namely Ray Thomas and Art Lee Thomas. Both claimants agreed to honor the will after their father's death. The oral will, by which decedent devised his grazing permit to the two claimants, is therefore a valid will. The requirements as set forth in *Benally, supra*, have been met.

It might be argued that Art Lee Thomas and Ray Thomas, as parties against the estate, cannot be permitted to testify to statements made by decedent regarding his oral will. This was adopted as a general rule in *In Re Estate of Lee, supra*, that any testimony of a party relating to his claim cannot be considered in a probate proceeding. In a later case of *In Re Estate of Benally, supra*, the Supreme Court declined to impose that rule. The Court held that the effect of not allowing decedent's immediate family to testify to an existing oral will would invalidate all oral wills. The making of oral wills is a long standing Navajo custom. Oral wills help avoid hardship for the Navajo people, because many Navajos cannot write, cannot afford to have an attorney write a will, and do not understand the concept of a written will. It is important that an alternate method be available by which a person may devise his property. *In Re Estate of Benally, supra*.

The counsels of record also were directed to address whether a grazing permit could be divided and its use transferred to another grazing district. Since the first issue properly disposes of this case, the second issue need not be addressed.

Pursuant to the foregoing opinion, it is ORDERED, ADJUDGED and DECREED that:

1. The proposed distribution of the grazing permit, No. 6947 of decedent, Joe Thomas, C#60,179, is hereby granted.

2. The Livestock Grazing Permit No. 6947, in Land Management District #18, containing one-hundred and ninety-three (193) sheep units, is hereby awarded to RAY THOMAS and ART LEE THOMAS, on a joint undivided basis.

3. The Branch of Land Operations and the District #18 Grazing Committee are hereby required to re-issue said Grazing Permit to RAY THOMAS and ART LEE THOMAS, jointly and on an undivided basis.

4. The said Grazing Permit shall not be transferred to another Land Management District; as prohibited by applicable law.

5. The Administratrix is hereby relieved of her legal duties and responsibilities in this estate.